1

2

3

4

5

6

7

8                    IN THE UNITED STATES DISTRICT COURT

9                  FOR THE EASTERN DISTRICT OF CALIFORNIA

10    GEORGE BARRAGAN

11            Plaintiff,                    No. 2:12-cv-0498 LKK GGH PS

12        vs.

13
      WASHINGTON MUTUAL BANK et al.
14

15            Defendants.              ORDER

16    _____/

17            This action, originally filed on February 27, 2012, was referred to the undersigned

18    by E.D. Cal. L.R. 302(c)(21), pursuant to 28 U.S.C. § 636(b)(1).  Plaintiff has paid the filing fee

19    and is proceeding pro se.

20    BACKGROUND

21            A review of the docket reveals that none of the defendants have been served with

22    the complaint as required by Fed. R. Civ. Pro. 4.  Nonetheless, on July 19, 2012, defendant

23    Fidelity National Title Company ("Fidelity")  filed a motion to dismiss the complaint, noticed for

24    hearing on August 30, 2012.  (Dkt. No. 5.)  Pursuant to E.D. Cal. L.R. 230(c), plaintiff was

25    required to file an opposition or a statement of non-opposition to the motion not less than

26    fourteen (14) days preceding the hearing date, i.e. by August 16, 2012.  Plaintiff failed to file an

1

1  opposition.  Yet, on September 12, 2012 plaintiff moved the court for leave to amend his

2  complaint pursuant to Fed. R. Civ. Pro. 15.  Dkt. 8.

3             Although the court liberally construes the pleadings of pro se litigants, they are

4  required to adhere to the rules of court.  Failure to obey local rules may not only result in

5  dismissal of the action, but "no party will be entitled to be heard in opposition to a motion at oral

6  arguments if opposition has not been timely filed by that party." E. D. Cal. L.R. 230(c).  More

7  broadly, failure to comply with the Local Rules "may be grounds for imposition . . . of any and

8  all sanctions authorized by statute or Rule or within the inherent power of the Court."  E.D. Cal.

9  L.R. 110; see also E.D. Cal. L.R. 183 (requiring compliance with the Local and Federal Rules by

10 pro se litigants).

11 DISCUSSION

12     *Service*

13             Pursuant to Fed. R. of Civ. Pro. 4(m), if a defendant is not served within 120 days

14 of filing the complaint, the court may dismiss the complaint without prejudice as to that

15 defendant.  Though the complaint was filed on February 27, 2012 against twelve (12) defendants,

16 plaintiff has yet to serve a single one with the complaint.  Nonetheless, defendant Fidelity

17 appeared as a party to this action by filing its responsive pleading on July 19, 2012 as a motion to

18 dismiss.  Dkt. 5.  In his motion to amend the complaint, plaintiff provides no explanation for his

19 failure to conduct service on a single defendant.  Accordingly, plaintiff will be ordered to show

20 cause in writing as to why he has not completed service on all defendants except for Fidelity.

21     *Leave to Amend*

22             A plaintiff is allowed to amend his complaint once as a matter of course within 21

23 days of service of a responsive pleading or motion made under Fed. R. Civ. Pro. 12(b).  See Rule

24 15(a)(1)(B).  No answers to the complaint have been filed, but defendant Fidelity moved under

25 Rule 12(b)(6) to dismiss the complaint on July 19, 2012.  Dkt. 5.  One day past the 21-day

26 \\\\\

1    deadline for filing an amendment, plaintiff moved the court for leave to amend his complaint.[1]

2    Dkt. 8.  Considering that plaintiff proceeds pro se in this matter and has not yet amended his

3    pleadings, plaintiff will be granted leave to amend his complaint accordingly.

4            Plaintiff is informed the court cannot refer to prior pleadings in order to make an

5    amended complaint complete.  Local Rule 220 requires that an amended complaint be complete

6    in itself.  This is because, as a general rule, an amended complaint supersedes the original

7    complaint.  See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967).  Accordingly, once plaintiff files

8    an amended complaint, the original no longer serves any function in the case.  Therefore, "a

9    plaintiff waives all causes of action alleged in the original complaint which are not alleged in the

10   amended complaint," London v. Coopers & Lybrand, 644 F.2d 811, 814 (9th Cir. 1981), and

11   defendants not named in an amended complaint are no longer defendants, Ferdik v. Bonzelet,

12   963 F.2d at 1258, 1262 (9th Cir. 1992).

13   CONCLUSION

14           Accordingly, for the reasons outlined above, IT IS HEREBY ORDERED that:

15           1. Defendant Fidelity's motion to dismiss (dkt. 5) is VACATED;

16           2. Plaintiff shall show cause, in writing and within 14 days from the issuance of

17   this order, why this action should not be dismissed for failing to complete service on any of the

18   defendants except for Fidelity;

19           3. Plaintiff shall file, within 28 days from issuance of this order, an amended

20   complaint styled as Plaintiff's First Amended Complaint.

21   DATED: November 20, 2012

22                          /s/ Gregory G. Hollows
                     UNITED STATES MAGISTRATE JUDGE
23
     ggh9/Barragan498.lta.osc
24

25           [1]Though such an amendment could be made without leave of court, the motion was styled
     as a request for leave to file but did not include the proposed amendment as required by Local Rule
26   137.