IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

GEORGE BARRAGAN,

    Plaintiff,

vs.

WASHINGTON MUTUAL BANK et al.

    Defendants.

No. 2:12-cv-0498 LKK GGH PS

FINDINGS & RECOMMENDATIONS

This action was filed on February 27, 2012, and referred to the undersigned pursuant to Local Rule 302(c)(21). In the order requiring joint status report, filed February 27, 2012, plaintiff was advised of the requirement to obey federal and local rules, as well as orders of this court, and the possibility of dismissal for failure to do so. Defendant Fidelity Title Company ("Fidelity") filed a motion to dismiss on July 19, 2012, to which plaintiff did not respond. By order filed August 21, 2012, the hearing on the motion was vacated due to plaintiff's failure to file an opposition. Plaintiff thereafter filed a motion to amend the complaint on September 12, 2012. By order of November 21, 2012, plaintiff was granted leave to amend and ordered to file an amended complaint within twenty-eight days of that order; the motion to dismiss by Fidelity was vacated; and plaintiff was ordered to show cause within fourteen days why this action should not be dismissed for failing to complete service on all twelve defendants.[1]

---

[1] Although Fidelity was not served with the complaint, it is the only defendant to have appeared in the action.

Plaintiff has not responded to or complied with any portion of that order.

Although the court liberally construes the pleadings of pro se litigants, they are required to adhere to the rules of court. As set forth in the district court's order requiring status report, failure to obey local rules may not only result in dismissal of the action, but "no party will be entitled to be heard in opposition to a motion at oral arguments if opposition has not been timely filed by that party." E. D. Cal. L. R. 230(c). More broadly, failure to comply with the Local Rules or "any order of the court may be grounds for imposition . . . of any and all sanctions authorized by statute or Rule or within the inherent power of the Court." E. D. Cal. L. R. 110; see also E. D. Cal. L. R. 183 (requiring compliance with the Local and Federal Rules by pro se litigants).

"Failure to follow a district court's local rules is a proper ground for dismissal." Ghazali v. Moran, 46 F.3d 52, 53 (9th Cir. 1995). The court should consider: (1) the public's interest in expeditious resolution of litigation, (2) the court's need to manage its docket, (3) the risk of prejudice to the defendants, (4) the public policy favoring disposition of cases on their merits, and (5) the availability of less drastic sanctions. Similar considerations authorize dismissal of an action for failure to prosecute pursuant to Fed. R. Civ. P. 41(b). Link v. Wabash R.R., 370 U.S. 626, 633 (1962); McKeever v. Block, 932 F.2d 795, 797 (9th Cir. 1991). Moreover, failure to obey court orders is a separate and distinct ground for imposing the sanction of dismissal. See Malone v. United States Postal Service, 833 F.2d 128, 130 (9th Cir. 1987) (setting forth same factors for consideration as Ghazali).

The court has considered the factors set forth in Ghazali. "[T]he key factors are prejudice and availability of lesser sanctions." Wanderer v. Johnston, 910 F.2d 652, 656 (9th Cir.1990). Defendants are clearly prejudiced by the requirement of defending an abandoned case, and this court is put in the untenable position of expending limited judicial resources to decide such a case on the merits. The public's interest in expeditious resolution of litigation, the court's need to manage its docket, and the unsuitability of a less drastic sanction, direct that this

case be dismissed.  In sum, the court now has had much experience resolving pro se cases brought for the purpose of delaying the inevitable foreclosure of one's home, with the same result on the merits, that the law does not provide a remedy for this unfortunate situation.

          Accordingly, IT IS RECOMMENDED that:

          1. Plaintiffs' federal claims be dismissed with prejudice;

          2. The court decline to exercise supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367(c)(3), and dismiss them without prejudice to plaintiff filing them in state court.

          These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l).  Within fourteen (14) days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge"s Findings and Recommendations."  Any reply to the objections shall be served and filed within seven (7) days after service of the objections.  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

DATED: February 19, 2013

                                  /s/ Gregory G. Hollows
                        UNITED STATES MAGISTRATE JUDGE

GGH:076/Baragan0498.41.wpd